UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM CONSTRUCTION SERVICES, INC., a Minnesota corporation, | ) ) ) ) | CIV. 11-5038-JLV |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY |
| vs. | ) ) | RESTRAINING ORDER |
| CITY OF RAPID CITY, | ) ) | |
| Defendant. | ) | |

On April 29, 2011, plaintiff Graham Construction Services, Inc., ("Graham Construction") filed a complaint (Docket 1) and motion for a temporary restraining order. (Docket 4). After providing notice to defendant City of Rapid City ("City" or "City Council"), the court held a hearing on Graham Construction's motion on May 3, 2011. Attorney Patrick Duffy appeared on behalf of Graham Construction, and attorneys Jason Green and Joel Landeen appeared on behalf of the City of Rapid City. At the hearing, the parties presented no new evidence, but rather relied on their filed submissions. The court carefully and thoroughly reviewed the record in this case and considered the arguments presented at the hearing. The court makes the following findings consistent with its oral findings made at today's hearing:

    1.    Under H & W Contracting, LLC v. City of Watertown, a disappointed bidder may challenge an *award* of a public contract in limited circumstances. 633 N.W.2d 167, 172 (S.D. 2001).

>Because the City Council did not award the Jackson Springs Water Treatment Plant Project to any bidder, but rather voted to reject all bids and reopen the bid process, the exception articulated in H & W Contracting does not apply to the facts of this case. Absent an award of a public contract, Graham Construction does not have standing to challenge the City Council's interpretation and application of South Dakota's competitive bidding laws.

>2. Alternatively, even if Graham Construction had the requisite standing, it has not satisfied its burden under Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (*en banc*),[1] to show injunctive relief should issue. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (noting injunctive relief is an

---

[1]When determining whether to grant or deny a motion for a temporary restraining order, the court weighs four factors:

(1) the threat of irreparable harm to the movant if injunctive relief is not granted;
(2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
(3) the probability that the movant will succeed on the merits; and
(4) the public interest.

Dataphase, 640 F.2d at 113.  No single factor is dispositive, rather "all of the factors must be considered to determine whether on balance they tip towards granting injunctive relie[f]." Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd., 824 F.2d 665, 667 (8th Cir. 1987) (citing Dataphase Systems, Inc., 640 F.2d at 113).  However, the third factor–the probability of success on the merits–is the most significant of all the factors. Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp., 59 F.3d 80, 83 (8th Cir. 1995); S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

extraordinary remedy and the burden is on the movant to show relief should issue).

3. The court finds Graham Construction will not suffer irreparable harm if it does not obtain injunctive relief. "Bids on a public contract do not give rise to any private right of enforcement until a bid has been accepted." Winter Brothers Underground Inc. v. City of Beresford, 652 N.W.2d 99, 103 (S.D. 2002). Because Graham Construction has no legally enforceable right to the contract simply because it was the lowest responsible bidder, it will not suffer irreparable harm if the City Council reopens the bid process for the project.

4. The court finds the balance of harm to the litigants weighs in favor of denying injunctive relief. The harm to the City if enjoined from proceeding with the bid process is significant. The City has a substantial interest in maintaining the integrity of its bid process, exercising its discretion to reject bids and solicit new bids, and allowing a necessary public works project to move forward. The harm to the City if injunctive relief should issue far outweighs any alleged harm to Graham Construction if injunctive relief is not granted.

5. The court finds Graham Construction is not likely to succeed on the merits of its claims. Absent an abuse of discretion, the City Council may conduct its business in the manner it deems fit. See id. at 105 n. 3 ("[P]ublic authorities are vested with wide latitude in

  determining which bids meet the qualification of lowest responsible bidder.  Courts cannot interfere in the exercise of this discretion unless it clearly appears that the city authorities in whom such discretion has been vested are abusing the discretion so vested in them.") (citations and internal quotations marks omitted).  The court finds the City Council did not abuse its discretion in rejecting all proposed bids and reopening the bid process.  The City Council expressed concerns regarding the integrity of the bid process, held two public hearings on the issue, and reached a decision that was not arbitrary or capricious given the record before it.  As there is no likelihood of Graham Construction's success on the merits, this fact weighs in favor of denying injunctive relief.

6. The court finds the public interest weighs in favor of denying injunctive relief.  The public has a strong interest in maintaining the integrity of the bid process and in allowing this significant infrastructure project to go forward.

In accordance with the court's findings, it is hereby

ORDERED that plaintiff's motion for a temporary restraining order (Docket 4) is denied.

Dated May 3, 2011.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE